# EXHIBIT 4

**From:** Knowles, Sam <sam.knowles@us.dlapiper.com>
**Sent:** Wednesday, May 28, 2025 4:59 PM
**To:** Lewis, Matthew (CIV) <Matthew.Lewis@usdoj.gov>; Andrea Meza <AndreaM@whistleblower.org>
**Cc:** Daley, Tom <Tom.Daley@us.dlapiper.com>; Nelson, Peter <Peter.Nelson@us.dlapiper.com>; Thad Guyer <thad@guyerayers.com>
**Subject:** RE: Hendrickson Deposition

Matt, I received your voice message and just tried you back. I am available now on 202-799-4404 or 202-531-6081.

Sam

**From:** Lewis, Matthew (CIV) <Matthew.Lewis@usdoj.gov>
**Sent:** Wednesday, May 28, 2025 3:19 PM
**To:** Knowles, Sam <sam.knowles@us.dlapiper.com>; Andrea Meza <AndreaM@whistleblower.org>
**Cc:** Daley, Tom <Tom.Daley@us.dlapiper.com>; Nelson, Peter <Peter.Nelson@us.dlapiper.com>; Thad Guyer <thad@guyerayers.com>
**Subject:** RE: Hendrickson Deposition

Sam,

Your characterization of the Government's position is inaccurate, as is your description that it is a "new" position. In fact, during the call on May 16, I indicated that Mr. Hendrickson was a whistleblower and that he had an active whistleblower retaliation claim with personal counsel, and that a subpoena of Mr. Hendrickson may be necessary or appropriate. You also take some liberties with quotations, including from the 5/16 email, and I have pasted the relevant section below for your reference, as well as for the knowledge of Mr. Hendrickson's counsel.

As indicated, I do not intend to oppose the deposition of Mr. Hendrickson within the scope of my representation, but given that some of Mr. Hendrickson's actions may be outside of my scope, and that Mr. Hendrickson is also adverse to the United States in an ongoing matter, there are multiple complicating factors. I will continue to try to coordinate with him and will let you know when I can more concretely advise. I am happy to talk again Monday.

That is, from 5/16 you have been forewarned that the information you seek from Mr. Hendrickson is outside of my representation, but have continued to pursue a deposition notice against the United States. Following my diligent attempts to facilitate with Mr. Hendrickson, these issues were confirmed by Ms. Meza's communications as Mr. Hendrickson's attorney, on 5/22, 5/23, and 5/27, which you now ignore.

For the apparently needed clarity, again, we do not intend to oppose Mr. Hendrickson's deposition for matters that are within the scope of my representation as it relates to this CPARS rating, but I do oppose Loyal Source's attempted manner of seeking the deposition through an inappropriate deposition notice against the United States, especially where Mr. Hendrickson

(through counsel) has already indicated that he will not comply with that notice. Further, proceeding through the proper subpoena channel would allow Mr. Hendrickson to represent his own interests in responding to the subpoena, rather than improperly placing the United States in the middle of the dispute between other parties.

Frankly, I am not sure what purpose there is in your attempts to characterize government positions or improperly notice Mr. Hendrickson's deposition, rather than making any effort to work towards an agreeable deposition between the parties, which has been the Government's consistently advocated position, and which Ms. Meza raised in her initial 5/22 email.

If you have any time this afternoon, I would like a few minutes to confer regarding your attempt to proceed to deposition via notice. I have open availability.

Regards,
Matt

---------------------------------------------
Matthew Lewis
Trial Attorney, Department of Justice
matthew.lewis@usdoj.gov
(202) 880-6321

**From:** Knowles, Sam <sam.knowles@us.dlapiper.com>
**Sent:** Wednesday, May 28, 2025 9:53 AM
**To:** Lewis, Matthew (CIV) <Matthew.Lewis@usdoj.gov>; Andrea Meza <AndreaM@whistleblower.org>
**Cc:** Daley, Tom <Tom.Daley@us.dlapiper.com>; Nelson, Peter <Peter.Nelson@us.dlapiper.com>; Thad Guyer <thad@guyerayers.com>
**Subject:** [EXTERNAL] RE: Hendrickson Deposition

Matt,

The Rule 45 subpoena has not been served, as you have pointed out, so Loyal Source is not pursing it, at this time.

Loyal Source's Rule 30(b)(1) deposition notice was properly served on the Government on May 1, 2025, and sought the deposition of a government employee. On May 16, following a call held in good faith between Loyal Source and the Government, the Government stated that the Government "do[es] not intend to oppose the deposition of Mr. Hendrickson" and that the Government was actively "coordinat[ing] with him [Troy Hendrickson]." And the Government did not change its position until yesterday, which was also the first time the Government claimed the deposition was "inappropriate."

At this time, Loyal Source intends to proceed with the deposition it first noticed a month ago. Please let me know when you are available today to discuss the Government's new position

that the deposition is inappropriate.  I can be available today at your convenience to meet and confer in good faith.

Best regards,

Samuel B. Knowles

T  +1 202 799 4404
F  +1 202 799 5404
M  +1 202 531 6081
sam.knowles@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com



**From:** Lewis, Matthew (CIV) <Matthew.Lewis@usdoj.gov>
**Sent:** Tuesday, May 27, 2025 8:39 PM
**To:** Andrea Meza <AndreaM@whistleblower.org>; Knowles, Sam <sam.knowles@us.dlapiper.com>
**Cc:** Daley, Tom <Tom.Daley@us.dlapiper.com>; Nelson, Peter <Peter.Nelson@us.dlapiper.com>; Thad Guyer <thad@guyerayers.com>
**Subject:** RE: Hendrickson Deposition

Good evening Sam,

Following onto Ms. Meza's letter, I also oppose the May 29th deposition.  Rather than attempt to comply with the Court's subpoena requirements or confer in good faith towards a resolution in this complicated matter, you have seemingly abandoned the subpoena immediately after issuance, and turned back towards attempting to require the deposition through means that have been explained to be inappropriate—without any stated grounds to support your position.

Should you still seek to impose the May 29 deposition following these communications, please advise at your earliest convenience so that I can turn towards a motion for protective order, which the Court indicated to be the preferred means to raise a deposition issue.

Regards,
Matt
---------------------------------------------
Matthew Lewis

Trial Attorney, Department of Justice
matthew.lewis@usdoj.gov
(202) 880-6321

**From:** Andrea Meza <AndreaM@whistleblower.org>
**Sent:** Tuesday, May 27, 2025 8:15 PM
**To:** Knowles, Sam <sam.knowles@us.dlapiper.com>; Lewis, Matthew (CIV) <Matthew.Lewis@usdoj.gov>
**Cc:** Daley, Tom <Tom.Daley@us.dlapiper.com>; Nelson, Peter <Peter.Nelson@us.dlapiper.com>; Thad Guyer <thad@guyerayers.com>
**Subject:** [EXTERNAL] Re: Hendrickson Deposition

Dear Mr. Knowles and Mr. Lewis,

Please find our reply attached.

Thank you,
Andrea



**Andrea Meza**
Director of Advocacy Campaigns
Director, Immigration and Food Integrity Campaigns

Government Accountability Project
Office: 202-463-1312

www.whistleblower.org
Pronouns: she/her/hers

*Working remotely from the Central time zone.*

**Government Accountability Project is the nation's leading whistleblower protection and advocacy organization. Through litigating whistleblower cases, publicizing whistleblowers' disclosures and developing legal reforms, our mission is to protect the public interest by promoting government and corporate accountability.**

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information protected by law. Any unauthorized review, use, disclosure or distribution of this communication and any related metadata is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

**From:** Knowles, Sam <sam.knowles@us.dlapiper.com>
**Sent:** Tuesday, May 27, 2025 2:26 PM
**To:** Lewis, Matthew (CIV) <Matthew.Lewis@usdoj.gov>
**Cc:** Daley, Tom <Tom.Daley@us.dlapiper.com>; Nelson, Peter <Peter.Nelson@us.dlapiper.com>; Andrea Meza <AndreaM@whistleblower.org>
**Subject:** RE: Hendrickson Deposition

Dear Matt,

Thank you for your email and for your confirmation that Mr. Hendrickson is currently a government employee. We intend to proceed with the 30(b)(1) deposition noticed for this Thursday May 29, 2025. As the Court explained during the May 14, 2025 status conference, to the extent the Government has objections or concerns, it can state those during Mr. Hendrickson's deposition.

Best regards,

Sam

Samuel B. Knowles

T +1 202 799 4404
F +1 202 799 5404
M +1 202 531 6081
sam.knowles@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com


**From:** Lewis, Matthew (CIV) <Matthew.Lewis@usdoj.gov>
**Sent:** Tuesday, May 27, 2025 11:49 AM
**To:** Knowles, Sam <sam.knowles@us.dlapiper.com>
**Cc:** Daley, Tom <Tom.Daley@us.dlapiper.com>; Nelson, Peter <Peter.Nelson@us.dlapiper.com>; AndreaM@whistleblower.org
**Subject:** RE: Hendrickson Deposition

Good morning,

Responding to both of your emails since Friday afternoon, and cc'ing Ms. Meza as the issues relate to her client and because I think that any deposition dispute is more fully between your two parties—though, as always, because I represent a named party in this case I would like to remain involved in communications, consistent with the Court's rules.

I understand Mr. Hendrickson to be a government employee, but he is/was not a part of the contracting office that issued this CPARS, and thus I have limited connection to him and have been directed to proceed through his attorney. For matters of his deposition or testimony, especially where the issued subpoena seems to exclusively target his whistleblowing activity which I believe to be outside of my capacity, I think it would be best to proceed through him or his attorney as appropriate. I have particular concern with respect to the many potential ethical

issues surrounding his representation in this matter, where he is currently adverse to CBP regarding his whistleblowing activity.

Where you indicate that the United States may be "unwilling or unable to secure Mr. Hendrickson's attendance," I think the comment misses the mark. I do not think it would be appropriate for me, on behalf of CBP, to attempt to compel Mr. Hendrickson's testimony related to any whistleblowing activity against CBP. To the extent that you would want me to try to require his attendance at a deposition solely for the purposes of his official duties, I'm not sure how the parties could sufficiently navigate the questioning that would inevitably delve into his whistleblowing without his personal counsel's participation. I do not intend to oppose a deposition over his official duties that relate to this performance period and the associated CPARS rating, but I think we all know that he didn't have any official duties in that capacity, and thus I am not the appropriate point for negotiating or requiring his deposition.

Your subpoena additionally seeks the production of Mr. Hendrickson's personal documents, and documents by definition outside of CBP's control (for production at a deposition scheduled 4 business days from the subpoena, no less). This will need to primarily flow through Ms. Meza, but is a concerning request given that Mr. Hendrickson also engaged in whistleblowing against Loyal Source.

To the extent that a deposition is coordinated with Mr. Hendrickson and Ms. Meza, the United States would certainly defend its interests in the deposition. I am happy to discuss potential ways to facilitate such a deposition for my part. And as we are in a complicated situation not clearly contemplated by the rules of the Court, my hope would be that the parties could generally work together to solve any scheduling or scope issues.

Regards,
Matt

**Matthew Lewis**
Trial Attorney
United States Department of Justice
Civil Division, Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, DC 20044
matthew.lewis@usdoj.gov
(202) 880-6321



The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an

intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.